﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 200526-89524
DATE: October 30, 2020

ORDER

Entitlement to service connection for left eye glaucoma with corneal opacification and pseudophakia is denied. 

FINDING OF FACT

Left eye glaucoma with corneal opacification and pseudophakia is not etiologically related to service. 

CONCLUSION OF LAW

The criteria for service connection for left eye glaucoma with corneal opacification and pseudophakia have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from August 1963 to March 1966. 

The rating decision on appeal was issued in December 2019; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

The Veteran timely appealed this decision to the Board and selected the evidence submission review lane. Accordingly, the Board will consider the evidence of record as of the date of the December 2019 rating decision plus evidence submitted with and within 90 days from the date of the May 2020 notice of disagreement. 

By way of background, the Veteran filed a VA Form 9 Appeal in May 2017 to appeal the above issue in the Legacy System, at which time the Veteran requested a videoconference hearing. After the appeal was certified but before it was activated at the Board, the Veteran in June 2018 opted into VA’s test program RAMP, the Rapid Appeals Modernization Program. By assenting to the RAMP program, the Veteran wholly withdrew his claim under the Legacy system, including his hearing. 

In the October 2018 RAMP AMA decision, the Agency of Original Jurisdiction (AOJ) made the following favorable finding: a VA medical opinion dated September 27, 2016 notes a left eye corneal edema, which is evidence of a disability. In a May 2019 AMA decision, in addition to the above favorable finding the AOJ found that private medical records in February 2019 note glaucoma in the left eye and the Veteran was legally blind. In the December 2019 AMA decision the AOJ made the following favorable finding: the Veteran was diagnosed with a disability as on VA examination in September 2019 the diagnosis was left eye glaucoma with corneal opacification and pseudophakia. The Board is bound by these favorable findings. 38 C.F.R. § 3.104(c).

The Board notes that the September 2020 brief from the Veteran’s representative appears to have a typographical error as the representative stated that the issue on appeal is service connection for right eye glaucoma with visual field defect and pseudophakia while the Veteran in his May 2020 notice of disagreement only appealed the denial of the service connection claim for left eye glaucoma with corneal opacification and pseudophakia. Further, the representative contended that during service the Veteran worked as a wire antennae systems maintenance repairman and was exposed to varying levels of radiofrequency (RF) radiation, which has been shown to cause vision defects. The representative cited to medical literature that shows radiation inducted ophthalmic effects include cataracts, glaucoma, optic neuropathy, retinopathy and angiopathy. While this brief was submitted outside the evidence window, the AMA does not prevent the Board from considering argument that was submitted outside of the evidence window. However, to the extent that the Veteran’s representative submitted the brief as evidence by referring to medical literature, such evidence was submitted outside of the pertinent evidentiary window in this case; consequently this evidence was not considered by the Board in deciding the appeal. The Veteran is free to file a supplemental claim in order to have this evidence considered. 

MISSED ISSUE:

The Board notes that in the May 2019 rating decision the AOJ determined that service connection for left eye corneal edema status post left eye cataract removal (claimed as vision problem in both eyes due to eye surgery done at VAMC Detroit) remains denied because the evidence submitted is not new and relevant regarding the previous denial of entitlement to compensation under 38 U.S.C. § 1151 for a left eye disability. The AOJ also determined that the claim for service connection for right eye vision problem due to left eye corneal edema status post left eye cataract removal (claimed as vision problem in both eyes due to eye surgery done at VAMC Detroit) remains denied because the evidence submitted is not new and relevant regarding the previous denial of entitlement to compensation under 38 U.S.C. § 1151 for a right eye disability. In August 2019, the Veteran filed VA Form 20-0995 Decision Review Request: Supplemental Claim regarding the two issue denied in the May 2019 rating decision. In the December 2019 rating decision, while the AOJ provided the criteria for new and relevant evidence, the AOJ did not adjudicate the issues of whether new and relevant evidence was received regarding the Veteran’s previously denied claims of entitlement to compensation under 38 U.S.C. § 1151 for a right eye disability and left eye disability. Therefore the Board cannot adjudicate those issues. The Veteran may resubmit the claims to the AOJ or notify the AOJ that the issues are still pending. 

Entitlement to service connection for left eye glaucoma with corneal opacification and pseudophakia.

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. This may be accomplished by affirmatively showing inception or aggravation during service. 38 C.F.R. § 3.303(a). Service connection may also be granted for disability shown after service, when all of the evidence, including that pertinent to service, shows that it was incurred in service. 38 C.F.R. § 3.303(d). 

The Veteran contends that he has a left eye disability due to service as he filed a notice of disagreement in May 2020 with the December 2019 rating decision denying service connection for a left eye disability. 

Service treatment records do not document complaints, findings or treatment for a left eye disability. The December 1965 separation examination shows the left eye was evaluated as normal and the Veteran had 20/20 vision. 

After service, as discussed above, the Board is bound by the favorable findings that show the Veteran has a left eye disability. A VA medical opinion dated in September 2016 shows left eye corneal edema, private medical records in February 2019 show glaucoma in the left eye and that the Veteran was legally blind, and on VA examination in September 2019 the diagnosis was left eye glaucoma with corneal opacification and pseudophakia. The Board also notes that the Veteran in January 2013 underwent left eye cataract surgery. 

On VA examination in September 2019, the diagnoses in the left eye were advance glaucoma corneal opacification with a date of onset approximately in 2014, and pseudophakia. The examiner noted that the Veteran reported that after his left eye cataract surgery in January 2014, his vision went bad. He reported he has been treated for glaucoma since about 2005. 

In an accompanying opinion the examiner opined that the left eye disability was less likely than not incurred in or caused by the claimed in-service injury, event or illness. The examiner explained that the Veteran had hand motion vision in his left eye that meets the criteria for legal blindness. A review of the service treatment records and VA medical records shows that in August 2019 there was reference to glaucoma being diagnosed approximately in 2005. The cataracts were noted approximately in 2006 and cataract surgery on the left eye was performed in January 2013. The examiner further explained that following cataract surgery, the Veteran developed chronic macular edema in the left eye that required treatment as well as corneal edema and scarring likely from chronic inflammation around 2014. The examiner found it significant that service treatment records did not show any indication of cataracts or glaucoma, suspicion of glaucoma, and/or injury or eye problem that would increase the risk for cataracts and/or glaucoma. The examiner determined that the Veteran’s loss of vision is likely a combination of corneal scarring and chronic macular edema following cataract surgery in addition to primary open angle glaucoma. Therefore, the examiner concluded that based on the date of diagnosis of the cataracts and glaucoma, and the service treatment records and post service treatment records, it is less likely than not that the Veteran’s legal blindness of the left eye was incurred in or caused by service.

The Board finds this opinion to be probative as it was based on medical principles and applied to the facts of the case. Nieves-Rodriquez v. Peake, 22 Vet. App. 295 (2008). The examiner considered the nature of the Veteran’s left eye disability in proffering the opinion. The opinion is uncontroverted by the other competent evidence of record. 

As a lay person, the Veteran is competent to report symptoms pertaining to his claimed disability. Although lay persons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), the etiology of the left eye disability falls outside the realm of common knowledge of a lay person. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n. 4 (Fed. Cir. 2007). The Veteran’s claimed disability is not the type of condition that is readily amenable to mere lay diagnosis or probative comment regarding its etiology. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

The Veteran has not been shown to possess the requisite medical training, expertise, or credentials needed to render a diagnosis or a competent opinion as to medical causation. Nothing in the record demonstrates that the Veteran received any special training or acquired any medical expertise in evaluating such disorder. Accordingly, the lay evidence does not constitute competent medical evidence and lacks probative value. As the lay evidence is not competent, the matter of whether it is credible is not reached.

For the reasons discussed above the preponderance of the evidence is against the claim for service connection for left eye glaucoma with corneal opacification and pseudophakia, and the benefit-of-the-doubt standard of proof does not apply. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

Thomas H. O'Shay

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Mac, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.